(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - (TORT) - MOTOR VEHICLE TORT -
CONTRACT  -  EQUITABLE RELIEF  -  OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 13-692 C

Donna Mattie ............................................................................, Plaintiff(s)

v.

Mercedes Benz USA, LLC ............................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon   Meghan L. McNamara, Esq.   , plaintiff's attorney, whose address is   84 State St., 6th, Boston, MA 02109   , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at _43 Appleton Way, Lawrence, MA 01840_ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE   , Esquire, at Salem, the   8th   day of   May   , in the year of our Lord two thousand   2013

A true copy Attest:
5/10/13
Deputy Sheriff Suffolk County

Thomas H. Driscoll Jr.
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____, 20___.

N.B.   TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|  , 20 . |
|---|

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 13-692C

Donna Mattie
Plaintiff(s)

v

Mercedes Benz USA, LLC
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.　　　　　　　　　　　　　　　　　　　　　　　　LAWRENCE SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 13-00692-C

|  |  |
|---|---|
| DONNA MATTIE,<br>Plaintiff<br>v.<br><br>MERCEDES BENZ USA, LLC,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. The Plaintiff, Donna Mattie ("Mattie"), is a natural person and residing at 110 Nutmeg Lane, North Andover, Massachusetts 01845.

2. The Defendant, Mercedes-Benz USA, LLC ("Mercedes"), is a foreign limited liability company with a principal place of business located at 1 Mercedes Drive, Montvale, New Jersey 07645 which regularly transacts business within the Commonwealth of Massachusetts.

3. At all times relevant hereto, Defendant Mercedes was engaged in the design, manufacturing, assembly, inspection, testing, marketing, promotion, advertisement, distribution and sale of the 2010 Mercedes GL 450 to the consuming public.

4. During the month of May 2010, during the morning hours, Mattie was operating a 2010 Mercedes GL 450, VIN #4JGBF7BE8AA567492 (the "SUV"). While driving the SUV, Mattie turned on the driver's seat heater to warm up, since she was wearing a t-shirt and it was cool outside. At some point thereafter, Mattie felt an unexpected, intense and painful burning sensation emanating from the back rest of the driver's seat and into her back. Mattie quickly pulled her body away from the back of the seat and turned the seat heater off but remained in a significant amount of pain.

5. Shortly thereafter, Donna Mattie discovered a burn down the center/right side of her back where she was experiencing pain. The burn down Donna Mattie's back contained a stippling pattern matching the stippling pattern of the driver's seat of the subject SUV.

6. Although Mattie sought treatment for her injury, and despite seeking treatment since 2010, she continues to exhibit significant and noticeable discoloration to her skin in the area where the subject SUV had burned her, which discoloration remains unaffected by treatment and may be permanent in nature if future treatment is unsuccessful.

7. The seat heaters were the proximate cause of Mattie's injury. Mercedes' technicians tested the SUV and determined that all of the temperature points within the driver's seat were operating at 120-125°F (48-51°C) while the seat heater was on its highest setting, which was within the temperature range specified by Mercedes for the 2010 Mercedes GL 450.

8. Mercedes failed to design the seat heating system for the 2010 Mercedes GL 450 within the known and acceptable range for human tolerance to surface heat. The American Society for Testing and Materials ("ASTM") provides a burn injury threshold for designers to determine the acceptable surface temperature at which skin may maintain contact with a heated surface. The standards provide that when temperatures operate below 44°C (111°F), no burn hazard exists for exposure sustained for 6 hours. However, as the temperature of contact increases above 44°C, the time to damage is shortened by approximately 50% for each 1°C increase.

9. Some vehicles in the industry, including the 2006 Mercedes R-class, are designed and manufactured with built-in maximum temperature points ranging from 86°F to 113°F. The design tolerances for those vehicles greatly reduce the risk of burn injury to the consumer without any increase in cost or undue burden to the manufacturer.

10. Mercedes fails to warn its consumers and the general public about the risks of injury involved with operating the seat heating system in the 2010 Mercedes GL 450 at high temperature settings by failing to include any such warnings in its user manual for the 2010 Mercedes GL 450 or elsewhere.

**Count I**
**(Negligence)**

11. The Plaintiff realleges and reaffirms Paragraphs 1 through 10 inclusive as if each and every allegation thereof was set forth fully herein.

12. At all times relevant to the Complaint, Mercedes had a legal duty to exercise reasonable care in the design, development, testing, assembly, manufacturing, marketing, and distributing of

automobiles, including the duty to comply with the existing standard of care within the scientific and engineering community to reduce the risk of serious injury to consumers using the product as intended, and the duty to consider, study and use extensive experience with regard to known risks so that consumers were provided with reasonably safe vehicles.

13. At the time the subject vehicle left the possession of Mercedes, there were safer alternative design tolerances for the seat heating system other than the design tolerances chosen by Mercedes, all of which would have prevented or significantly reduced the risk of persons becoming burned by the seat heating system without impairing the system's utility.

14. Mercedes knew or should have known of the existence of these safer alternative design tolerances prior to placing the subject vehicle into the chain of commerce. The alternative designs were reasonably economically and technologically feasible by application of existing or reasonably achievable scientific knowledge at the time the subject SUV was produced.

15. Mercedes' negligent conduct in the design of the Mercedes SUV's seat heating system created a situation where the vehicle was defective and unreasonably dangerous. The hazardous design existed at the time the vehicle was placed in the stream of commerce.

16. Defendant Mercedes' failure to warn, instruct, adequately warn or to adequately instruct the general public and foreseeable intended users of the dangerous and defective properties of the Mercedes SUV, including its excessively high operating temperatures within the seat heaters.

17. The subject Mercedes SUV burned and injured Mattie due to defects in the design of the subject vehicle's seat heating system, and subsequently caused injuries to her. The defects, which were due to Mercedes' negligence, were a proximate and producing cause of the injuries and damages sustained by Donna Mattie as referenced in the Complaint.

WHEREFORE, the Plaintiff Donna Mattie demands judgment against the Defendant Mercedes-Benz USA, LLC in an amount deemed appropriate by this Court plus interest and costs of this action.

## COUNT II
### (Breach of Express and Implied Warranties)

18. The Plaintiff realleges and reaffirms Paragraphs 1 through 17 inclusive as if each and every allegation thereof was set forth fully herein.

19. Plaintiff, Mattie was an individual whom Mercedes could reasonably have expected to use, consume, or be affected by Mercedes' products within the meaning of Massachusetts General Laws. c. 106 §§ 2-318.

20. In the design, testing, development, manufacturing, marketing, distribution and sale of the 2010 Mercedes GL 450 line of vehicles, Mercedes expressly and impliedly warranted to purchasers and the general public that the vehicles were of merchantable quality and reasonably fit and safe for the ordinary purpose for which they were used and that the vehicles were safe when used as intended.

21. Plaintiff Mattie relied upon the warranties of Mercedes as described above.

22. Mercedes breached the aforementioned warranties in that the 2010 Mercedes GL 450 was unsafe for its intended use and not of merchantable quality as warranted by Mercedes in that the seat heating system had dangerous propensities when put to its intended use and caused injury to Mattie.

23. Defendants' 2010 Mercedes GL 450 was unaccompanied by adequate warnings of the dangerous propensities associated with the seat heating system which were either known or reasonably knowable at the time of distribution.

24. The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Mattie.

25. As a result of Mercedes' breach of express and implied warranties, Mattie suffered and continues to suffer injuries, damages and losses as alleged herein.

WHEREFORE, Plaintiff, Donna Mattie, demands compensatory damages, plus interest and costs.

## COUNT III
### (Violation of G.L. c. 93A)

26. The Plaintiff realleges and reaffirms Paragraphs 1 through 25 inclusive as if each and every allegation thereof was set forth fully herein.

27. At all relevant times hereto, Mercedes was engaged in trade or commerce.

28. Given Mercedes' knowledge of the risks associated with the design tolerances specified for the seat heating system in the 2010 Mercedes GL 450, the actions of Mercedes as described herein were performed willfully and knowingly.

29. The acts of Mercedes alleged in Counts I and II constitute unfair or deceptive acts and practices within the meaning of G.L. c. 93A §§ 2 and 9.

30. As a result of the unfair and deceptive practices described in Counts I and II, Mattie sustained injuries, including but not limited to the injuries detailed above and incorporated herein.

31. On February 26, 2013, the Plaintiff sent a G.L. c. 93A written demand to Mercedes by certified mail, return receipt requested, which demand was received by Mercedes on February 28, 2013.

32. At no time prior to the expiration of the 30 days did Mercedes respond to Plaintiff's demand letter.

WHEREFORE, the Plaintiff, Donna Mattie, demands judgment against Mercedes in an amount that is fair and reasonable plus treble damages, interest, costs and attorney's fees as provided under G.L. c. 93A, and award such other relief as the Court deems just and proper.

**THE PLAINTIFF, DONNA MATTIE REQUESTS A JURY TRIAL ON ALL COUNTS TO WHICH A TRIAL BY JURY ATTACHES AS A MATTER OF RIGHT.**

DONNA MATTIE,
By her Attorney,

Meghan D. McNamara, Esq.
BBO #664084
McNAMARA & FLYNN, P.A.
84 State Street, 6th Floor
Boston, Massachusetts -2109
(617) 723-3344
mmcnamara@mcnamaraflynnlaw.com

DATED: April 29, 2013

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF ESSEX | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) Donna Mattie | DEFENDANT(S) Mercedes Benz USA, LLC | |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#    Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

Meghan McNamara, McNamara & Flynn, P.A., 84 State Street, 6th Floor, Boston, MA 02109.

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B05 Product Liability - Average Track          [x] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                    $_____
   2. Total doctor expenses                                      $581.00
   3. Total chiropractic expenses                                $_____
   4. Total physical therapy expenses                            $_____
   5. Total other expenses (describe) Prescriptions - topical creams  Subtotal $100.00
                                                                  Subtotal $681.00
B. Documented lost wages and compensation to date                $_____
C. Documented property damages to date                           $_____
D. Reasonably anticipated future medical expenses                $30,000.00
E. Reasonably anticipated lost wages and compensation to date    $_____
F. Other documented items of damages (describe)                  $_____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff sustained deep macular hyperpigmentation to large section of her back. Plaintiff to undergo laser treatment at $2000 - $2500 per treatment. Number of treatments unknown but likely 6-12 sessions. Injury may be permanent.

Total $30,681

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

The plaintiff alleges that the defendant designed and manufactured a defective seat heating system in its vehicle which caused a significant burn to her back while she was operating the subject vehicle and which resulted in extensive macular hyperpigmentation to her back.

TOTAL    $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: 4/29/13

A.O.S.C. 3-2007

# Commonwealth of Massachusetts
## County of Essex
### The Superior Court

CIVIL DOCKET # ESCV2013-00692-C
Courtroom CtRm 2 (Lawrence)

RE: Mattie v Mercedes Benz USA LLC

TO: Meghan McNamara, Esquire
McNamara & Flynn
84 State Street
9th floor
Boston, MA 02109

## SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **04/14/2016**

### STAGES OF LITIGATION — DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 07/29/2013 | 07/29/2013 | |
| Response to the complaint filed (also see MRCP 12) | | 08/28/2013 | |
| All motions under MRCP 12, 19, and 20 | 08/28/2013 | 09/27/2013 | 10/27/2013 |
| All motions under MRCP 15 | 06/24/2014 | 07/24/2014 | 07/24/2014 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/20/2015 | | |
| All motions under MRCP 56 | 05/20/2015 | 06/19/2015 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/17/2015 |
| Case shall be resolved and judgment shall issue by **04/14/2016** | | | 04/14/2016 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 04/30/2013

Thomas H. Driscoll Jr.
Clerk of the Court

Telephone: (978) 242-1900